## Eisenman v. Hornberger

*John C. Youngman,* for plaintiffs.

*Patrick H. Fierro,* for defendants.

WOOD, J., November 24, 1967.—Royal Insurance Company, Ltd., is garnishee in an execution proceed-

ing brought by plaintiffs to collect a judgment against defendant, Alton Raymond Hornberger. One of the issues concerned is that of good faith on the part of the garnishee in refusing coverage to defendant, Hornberger, and in refusing to provide a defense for him in the civil proceedings which resulted in a verdict against him. By the court's order of November 8, 1967, garnishee was directed to answer numerous interrogatories filed by plaintiffs.

Garnishee has asked to be relieved of the requirement that it attach a copy of its counsel's opinion concerning its contractual responsibility to Hornberger. Garnishee claims this opinion is a confidential communication between attorney and client and, therefore, privileged. In support of its position, garnishee cites the Act of May 23, 1887, P. L. 158, sec. 5, Clause D., 28 PS §321, which provides as follows:

"Nor shall counsel be competent or permitted to testify to confidential communications made to him by his client or the client be compelled to disclose the same, unless in either case this privilege be waived upon the trial by the client".

This statute is an embodiment of the common-law rule, under which communications from a client to his attorney are privileged. There are logical and established reasons supporting this rule. See Wigmore on Evidence, §§2285 and 2290. However, we have found no support for garnishee's position that communications from attorney to client are privileged. Further, the cited statute clearly relates to communications by client to counsel, not to communications by counsel to client. However, we consider it probable that the written opinion of counsel in this case either reiterates or sets forth the gist of a prior communication from the client garnishee to its counsel. This communication is privileged under the common law and by the

statute: neither the client nor the attorney should be compelled to divulge it. Upon this basis, we consider that the court's order of November 8, 1967, must be amended to afford garnishee the benefit of the privilege. Therefore, we make the following:

### ORDER

And now, November 21, 1967, the court's order of November 8, 1967, is amended as to interrogatory no. 47. Defendant is not required to attach a copy of the subject opinion of counsel, but shall state: (1) Whether counsel advised garnishee concerning garnishee's contractual responsibilities to Hornberger with reference to plaintiffs' claim against him, and, if so, (2) what advice was given by counsel to garnishee.